**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-7284

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EARL ADOLPHUS ALLEYNE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Jerome B. Friedman, District Judge. (CR-02-150; CA-04-760-2)

Submitted: January 9, 2006        Decided: January 23, 2006

Before WILLIAMS, KING, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Earl Adolphus Alleyne, Appellant Pro Se. Kevin Michael Comstock, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Earl Adolphus Alleyne seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2000) motion. An appeal may not be taken from the final order in a 28 U.S.C. § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). For the reasons that follow, we deny a certificate of appealability and dismiss Alleyne's appeal.

Alleyne argues that his Fifth and Sixth Amendment rights were denied because his sentence was enhanced pursuant to the career offender provision of the U.S. Sentencing Guidelines Manual § 4B1.1 (2003). Alleyne did not raise the issue on direct appeal. The issue is therefore procedurally defaulted unless his § 2255 motion demonstrates cause for and actual prejudice from the default, or actual innocence. United States v. Harris, 183 F.3d

313, 317 (4th Cir. 1999). We agree with the district court that Alleyne has not made the requisite showing. Moreover, to the extent Alleyne seeks retroactive application of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), such a claim is foreclosed by our decision in United States v. Morris, 429 F.3d 65 (4th Cir. 2005). Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED